## Isaac H. Snyder v. The City of Mt. Pulaski et al.

1. ORDINANCES—*Special Privileges.*—If a city has the power to grant a special privilege, the ordinance granting the same must be substantially complied with, and any abuse of the privilege granted will justify the city in revoking the same.

**Bill for an Injunction.**—Appeal from the Circuit Court of Logan County; the Hon. GEORGE W. HERDMAN, Judge, presiding. Heard in this court at the November term, 1896. Affirmed. Opinion filed February 25, 1897.

A. G. JONES and BLINN' & HARRIS, attorneys for appellant.

F. L. TOMLINSON and BEACH & HODNETT, attorneys for appellees.

MR. JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

The appellant filed a bill in chancery against the appellees, the city of Mt. Pulaski and certain of its officials, to restrain them from interfering with him in the use of a certain well, known as the old well, and another known as the new well, or with his pumps and appliances connected with said wells. A temporary injunction was granted as to the old well. The appellees answered the bill, and moved to dissolve the injunction. This motion was heard by the court and was sustained, and the bill was dismissed. An appeal was then granted, and the injunction was continued pending the appeal.

It appears that on the 24th of March, 1891, the municipal corporation of (the then village of) Mt. Pulaski passed an ordinance authorizing the appellant, his heirs and assigns to construct and maintain an electric light plant within said corporation for a term of twenty years, and permitting the use of the streets, alleys or other public grounds for poles and wires, under certain restrictions.

On the 23d of June, 1891, said municipal corporation passed an ordinance granting to said appellant, his heirs and assigns, the use of a certain well at the intersection of Green and Spring streets in said village, for a period of twenty years, upon condition that he should maintain and repair the well so that it should "not be dangerous to those living adjoining thereto, or to the traveling public."

On the 27th of October, 1891, said municipal corporation passed an ordinance which in substance repeated the grant contained in the first ordinance, and provided, further, that for a consideration named, the appellant should furnish to the village, for the period of five years, sixteen electric arc lamps of 2,000 candle power.

Soon after the passage of the first ordinance, the appellant acquired property upon which to erect his power house, and wishing to secure a supply of water for steam purposes, he asked for and obtained the passage of the second ordinance and later constructed his electric plant for the purpose of supplying light to the public. Still later he obtained the passage of the third ordinance, by which he was to furnish light to the municipality. He claims that the second ordinance, which granted him the privilege of using the well, was such a part of the whole transaction, as that without it, he would not have accepted the franchise nor would he have erected the plant. In other words his claim is that it was a part of the consideration upon which he acted, and was so understood by the corporate authorities, and was intended as an inducement to him to accept said franchise and build the works.

It does not appear from the face of the ordinances that they were inter-dependent; on the contrary, they seem to be not so.

The appellant testified in support of his theory; that is, that without the second ordinance he would not have gone ahead under the first, and that it was so understood by the president and trustees of the village, and that to induce him to accept and proceed under the franchise they passed the second ordinance.

The village authorities referred to contradicted him flatly on this point, and if it were competent to establish the alleged inter-dependence by parol proof, it can not be said that the preponderance on the point was with appellant.

It is highly probable that the second ordinance was considered by appellant as very beneficial to him and no doubt it was, for it saved him the expense of providing water by some other means, but it does not appear that it was anything more than a mere gratuity. Aside from what he now says as to what he would or would not have done without it, we have no reason to believe that he would have abandoned the project had he failed to get the well, but whether so or not, unless it was legally a constituent of an entire

transaction in the sense of being a part of the consideration moving to him from the municipality, by which he was induced to build the works and furnish lights on the terms and conditions agreed on, the ordinance must be regarded as on its face it appears.

No argument is needed to show that the municipal officials could not give away any part of the municipal property. Hence it was competent to repeal said ordinance, as was done shortly before this suit was begun, if it was enacted without a sufficient consideration. And this leads to a further statement of some of the facts appearing in the record. At some period subsequent to the passage of the third ordinance, appellant, wishing more water than the well was then furnishing, sank another well in the street, a few feet distant from the first, and connected the two, thereby obtaining such an abundance that he was able to supply two railroad companies and sundry other concerns with all the water they required, and made contracts for that purpose upon quite remunerative terms. For a time the municipality obtained some from him, but afterward extended its water works by sinking new wells, and so obtained what it required for protection against fire and other purposes. This action of appellant in sinking the new well in the street was without authority, and was an unlawful use of municipal property. Whatever its reason was, the municipality, then incorporated as a city, notified him to cease the use of the new well and to fill it up, whereupon he proceeded to erect a derrick over the old well and to sink it deeper for the purpose of finding another vein of water, which he did. Then the city passed an ordinance repealing said second ordinance, and by force took possession of both wells and filled them up. Afterward the present bill was filed and the temporary injunction was obtained, and then appellant cleaned out the old well, removing all the obstructions also from the deepened part thereof, and continued to use it as so deepened, the injunction preventing any further interference with his operations in that behalf. It is claimed on his part that the action of the city was arbitrary and unnecessary, that it

was in violation of his legal rights and was prompted by a malicious purpose to injure him.

The city claims that the original ordinance was invalid, because, in effect, a mere gift of prop.rty belonging to the public; that the action of appellant in deepening the well was in excess of the privilege granted by said ordinance, whether valid or not, and injuriously affected the supply of water upon which the city was dependent for protection against fire, street sprinkling and other purposes; that the continued presence of the well in the street hindered and prevented the proper use of the street for purposes of travel, and that for all these reasons, and not from any purpose to oppress or injure appellant, it was warranted in repealing the said second ordinance and in removing the appliances and machinery of the appellant from the street.

Regardless of the possible motives impelling the city to this action, if it had sufficient legal reason, it must be sustained. It is not claimed that there was any authority for sinking the second well, but it is urged on behalf of appellant that he had, under the ordinance, an indefeasable right to the old well, and that this implied and carried with it a right to sink deeper and reach lower veins of water. We can not agree to the latter proposition. If the ordinance could be held binding upon the city and irrevocable during the specified term, the act of appellant in deepening the well was in excess of his rights, and was an abuse of the alleged privilege.

The right given was to use the well as it was, not to change or alter it and use it as changed or altered.

Such change or alteration, if persisted in and if injurious to the city in a substantial way, would forfeit the privilege, and would warrant the city in reclaiming the well if it had no other cause for so doing. Appellant insists the well, as it was, no longer furnished the requisite amount of water, and that in order to obtain the needed supply he was compelled to deepen it, therefore he has the right to use it as so deepened. But he had no right to so change it even assuming the ordinance was binding upon the city, and if

he insists upon the well as changed, his position is so unreasonable that he can not invoke the aid of a court of equity.

Without further discussion, we are inclined to hold that upon any fair view of the case as made by the proof the injunction was properly dissolved, and therefore the decree will be affirmed.